UNION PACIFIC RAILROAD COMPANY, APPELLANT, V. COUNTY
OF HOWARD ET AL., APPELLEES.*

FILED DECEMBER 3, 1902.   No. 12,234.

Commissioner's opinion, Department No. 3.

1. **Township: PRECINCT: CONSTRUCTION OF STATUTE.** The word "town-
ships," as used in section 12, chapter 94, Compiled Statutes,
*held* to have been intended by the legislature to designate the
precincts into which a county, not under township organization,
is divided for administrative purposes.

2. ———: ———: ———: **LEVY OF TAX: PUBLIC USE.** It is not
a valid objection to a tax levied against the taxable property
of such precinct, for local improvements, that such improve-
ments are for the use of the public at large.

3. **Tax: EXCESS: VOID: EXTENT.** A tax in excess of the limit allowed
by law, is void only as to such excess.

APPEAL from the district court for Howard county.
Injunction to restrain collection of taxes. · Heard below
before THOMPSON, J. *Affirmed.*

*John N. Baldwin, Edson Rich* and *Henry Nunn,* for ap-
pellant.

*Jesse T. Parker* and *Frank J. Taylor, contra.*

ALBERT, C.

This action was brought by the Union Pacific Railroad
Company against Howard county and certain officers
thereof to restrain the collection of certain taxes levied
against the taxable property of one of the precincts of said
county to pay for public scales erected in such precinct.
The levy was originally made on the basis of seven mills
on the dollar, which made the entire levy in excess of the
constitutional limit. The county board afterward reduced
the levy to four and three-fifths mills on the dollar, which
brought it within such limit, and made no claim against

* Rehearing allowed. See opinion, p. 667, *post.*

the plaintiff for the excess. A trial resulted in a finding in favor of the plaintiff as to that part of the taxes in excess of four and three-fifths mills on the dollar, and in favor of the defendants as to the balance. A decree was rendered accordingly. The plaintiff brings the record here on appeal.

The authority for the erection of scales at the public expense rests on the provisions of chapter 87, Session Laws of 1897, which are embraced in section 7 *et seq.*, chapter 94, Compiled Statutes, 1901*, and which are as follows:

"Sec. 7. That scales may be erected in the state of Nebraska for public use at public expense. Provided, that counties under township organization may adopt the privilege granted by this act by townships. At the annual meeting of such township such meeting may determine the location and number of such scales to be erected and located in said township and levy a tax to pay for same.

"Sec. 8. When such scales shall be erected it shall be the duty of the township board to appoint a weigh-master upon petition of the electors living in the immediate vicinity of the scales so located, who shall, under oath, promise to perform the duties of his office faithfully and honestly and the weigh-master so appointed shall continue in office until removed by the township board or by resignation.

"Sec. 9. The scales shall be first class and of standard make. The township board shall from time to time, as in their judgment seems necessary, test the scales as to their accuracy and properly adjust the same.

"Sec. 10. Whenever disputes arise between two parties within the limits of the township where such scales are located, over the first weighing of any article, the same shall be weighed a second time on said public scales; and the weigh-master's receipt therefor shall be final.

"Sec. 11. The township board shall fix and regulate the fee or salary of said weigh-master and the fees for weighing, Provided nothing in this act shall be construed to prevent the public from using such scales, without em-

* Cobbey's Annotated Statutes, secs. 11706-11711.

ploying the weigh-master, subject to the rules to be made by the township board of such township.

"Sec. 12.   Townships in counties under commissioner system, wishing to adopt the provisions of this act, shall petition to the commissioners of such county, and where a majority of the electors so petition, the same shall be granted: Provided that all duties and powers imposed upon township officers by the provisions of this act where counties are under township organization system shall be performed by the county commissioners of counties under commissioner system."

It is conceded that Howard county is not under township organization.   The plaintiff contends that section 12, *supra,* is the only authority for the erection of scales in counties not under township organization, and as it refers exclusively to townships, there is no authority for the erection of scales in a precinct, and the levy of a tax on the taxable property of a precinct to pay the cost of such improvement.   In the construction of the acts of the legislature it is the duty of courts to carry out the intention of the lawmaking power, so far as the same can be ascertained.   By the express terms of the act under consideration it was the intention of the legislature that it should apply to counties not under township organization, as well as to the other classes of counties.   In counties not under township organization there is no such thing as a township as a political division.   For administrative purposes such counties are divided into precincts, and the precinct is the political unit of such county, as a township is the political unit of counties under township organization.   It is true that a precinct lacks the corporate character of a township, yet it elects certain officers, and has the power to issue bonds for certain purposes, and in other ways bears a relation to the county not under township organization analogous to that which the township bears to its county.   It seems clear to us, from the entire act, that it was the intention of the legislature to provide for the erection of public scales in each political unit of a

county at the expense of such unit, and that by the use of the term "townships" in section 12 it intended to designate the political units of counties not under township organization. Such units, as we have seen, are the precincts, and we think the section should be construed precisely as though the word "precincts" had been used instead of "townships." To hold otherwise would render it impossible to carry the act into effect, so far as counties not under township organization are concerned. See *Burt v. Rattle*, 31 Ohio St., 116.

The plaintiff further contends that such a tax would be unjust, because imposed on property within a precinct and not on any other property of the county, while the scales are erected for public use and may be used by parties within or without the limits of the precinct. It is almost impossible to conceive of any local tax that is not open to the same objection. The taxes for road purposes are local, yet the roads are open, not only to residents of the county, but to the world at large. We think this contention is without merit.

Complaint is also made that the levy of seven mills was in excess of the constitutional limit. It has been repeatedly held that an excessive levy does not render the entire levy void, but merely void as to the excess. As the county never claimed that portion above the lawful limit, and as the decree of the court relieves the plaintiff from such excess, it affords the plaintiff no just ground of complaint in this court.

It is recommended that the decree of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.

The following opinion on rehearing was filed October 21, 1903. *Judgment below reversed:*

Commissioner's opinion, Department No. 2.

1. **Limit of Assessment:** AUTHORITY OF COUNTY BOARD: VOTE OF PEO-
PLE: CONSTITUTION. The authority of a county board to assess
taxes is limited by section 5, article 9, of the constitution, to
fifteen mills on the dollar valuation, except for the payment
of indebtedness existing at the adoption of the constitution,
unless authorized by a vote of the people of the county.

2. **Object of Constitutional Provision.** One object of such section is
to protect taxpayers against an abuse of the taxing power of
county authorities, and the limitation extends to every exercise
of that power.

3. **County Board:** ASSESSMENT: SCALE TAX. A county board assessed
a tax of fifteen mills on the dollar valuation, and eight mills
to pay bonded indebtedness; in addition thereto, it assessed
four and three-fifths mills on the taxable property of one of
its precincts, the county not being under township organiza-
tion, to pay for the erection of public scales erected in
pursuance of chapter 94, Compiled Statutes (Annotated Stat-
utes, secs. 11706 to 11711); the scale tax was not authorized by
a vote of the people of the county. In an action to restrain
the collection of the scale tax, *held*, that the four and three-
fifths mills levy was in contravention of section 5, article 9,
*supra*, and void.

4. **Judgment Vacated.** Former judgment vacated.

ALBERT, C.

This is a rehearing. The former opinion, affirming the
decree of the district court, is reported *ante*, page 663. As
there stated, the action was brought to restrain the collec-
tion of a tax levied on the taxable property of a certain
precinct of the defendant county to pay for public scales
erected in such precinct. In the statement of the facts in
the former opinion, we said: "The levy [to pay for the
scales] was originally made on the basis of seven mills on
the dollar, which made the entire levy [the aggregate
amount levied by the county board for all purposes] in
excess of the constitutional limit. The county board after-
ward reduced the levy [made to pay for the scales] to four
and three-fifths mills on the dollar, which brought it [the

entire levy] within such limit, and made no claim against the plaintiff for the excess." Upon a reexamination of the record, which is somewhat confusing, owing to the misplacing of some of the pages, we find that the county board, for the year in question, assessed the following taxes for county purposes: General fund, nine mills on the dollar; road fund, two mills on the dollar; bridge fund, four mills on the dollar; and the further sum of eight mills on the dollar for the payment of bonded indebtedness of the county. In addition to the foregoing, the county board assessed a tax of seven mills on the dollar on the taxable property of the precinct in question to pay for the erection of public scales therein. The seven mills assessment in excess of the amount required to pay for the scales, was reduced to four and three-fifths mills. It was the difference between the seven mills and the four and three-fifths mills, which was not claimed by the defendants, that was enjoined by the decree in this case. The remainder of the assessment was upheld.

The contention of the plaintiff now is that by the assessment of a tax of fifteen mills on the dollar for county purposes, to say nothing of the levy made to pay the bonded indebtedness of the county, the legality of which is not questioned in this case, the county board exhausted its authority, and that the additional levy for the scales, even at the rate of four and three-fifths mills, to which it was reduced, was in contravention of section 5, article 9, of the constitution, which is as follows: "County authorities shall never assess taxes the aggregate of which shall exceed one and a half dollars per one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county." The defendants contend that the foregoing section relates exclusively to taxes levied for county purposes, and in support of that contention cite *Chicago, B. & Q. R. Co. v. Klein*, 52 Nebr., 258; on rehearing 54 Nebr., 781. In the first head-note to the first opinion in that case, we find the following language: "The

meaning of section 5, article 9, of the constitution, is that county authorities, except for the special reasons mentioned in said section, shall never assess taxes for county purposes in excess of 15 mills upon the dollar."

The foregoing clearly supports the defendants' contention, and was not modified on rehearing, although NORVAL, J., dissented from the conclusion reached. But it seems to us that whether the constitutional provision above quoted should be thus limited was not necessarily involved in that case. There the aggregate assessment made by the county board did not exceed fifteen mills on the dollar. But such assessment, added to that made by certain townships, resulted in an aggregate assessment of more than fifteen mills on the dollar on the taxable property of the respective townships. The precise question involved was whether the taxes assessed by the townships should be taken into account in applying the constitutional limitation, and this court held that it should not. From the entire opinion, it is clear, we think, that the conclusion is based on section 6, article 9, of the constitution, which authorizes the legislature to vest municipal corporations with authority to assess and collect taxes for corporate purposes. The court held that a township is a municipal corporation, within the meaning of such section. The section thus construed, taken in connection with section 5, *supra*, recognizes two taxing powers, namely, the county authorities and the authorities of municipal corporations, including townships. The authority of the former to assess taxes is clearly limited by the provisions of section 5; the authority of the latter, so far as the sections under consideration are concerned, is left to the discretion of the legislature.

But in the present case we are not dealing with taxes assessed by county and municipal or township authorities, but with a tax which was assessed wholly by the county authorities. The tax for the scales was to pay for scales erected, not in a township, but in a precinct. A precinct is a mere territorial division, created for certain political

and administrative purposes. It can neither plead, nor be impleaded, nor is it capable of imposing upon itself any obligation or liability, except in pursuance of express legislative authority. *State v. Dodge County,* 10 Nebr., 20. The act authorizing the erection of public scales, set out in the former opinion, confers no authority upon the precincts to assess taxes; nor were the taxes in question assessed by the precinct, but by the county authorities. Their authority to assess taxes is clearly limited by section 5, *supra.* That section was intended to protect each and every taxpayer against an abuse of the taxing power of county authorities, and the limitation therein fixed must be held to apply to every case where such power is exercised. In the present case, in the exercise of that power, the county board sought to impose a tax of nineteen and three-fifths mills on the dollar (leaving out of consideration the tax levied to pay bonded indebtedness) upon every taxpayer of the precinct in question. This was four and three-fifths mills in excess of its constitutional authority, and the excess was not authorized by any vote of the people of the county. That it was done to pay for scales erected at the request of a majority of the electors of the precinct, is wholly immaterial; the constitutional powers of the board can not be enlarged in that way. It follows, therefore, that the entire tax levied to pay for the scales is void.

It is therefore recommended that the former judgment of this court be vacated, the decree of the district court be reversed, and that the cause be remanded with directions to enter a decree in accordance with this opinion.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is vacated, the decree of the district court reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.

REVERSED AND REMANDED.